UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS ELIDO BATISTA,

v.  Case No. 8:98-cr-206-T-17TGW
    8:05-cv-82-T-17TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Luis Elido Batista's 28 U.S.C. § 2255, motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-37)

BACKGROUND

On May 20, 2003, Batista pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 150 kilograms of cocaine, in violation of 21 U.S.C. § 846, pursuant to a written plea agreement. Docs. cr-17 (Plea Agreement); cr-38 (Transcript of Proceedings). Pursuant to the plea agreement, Batista expressly waived his right to appeal his sentence:

> . . .directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. cr-17, p. 12, ¶5.

On January 9, 2004, the Court sentenced Batista to the mandatory minimum sentence of 120-month term of imprisonment, followed by a 60-term of supervised release. Doc. cr-31 (Judgment). In accordance with the appeal waiver, Batista did not file a direct appeal. On January 14, 2005, Batista filed the instant section 2255 motion and supporting memorandum of law (Docs. cv-1, cv-2; cr-37), claiming

a. the Court erred in sentencing him under the provisions of 21 U.S.C. § 841(b)(1)(A), rather than under § 841(b)(1)(B);

b. Batista's sentence is illegal in light of the Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004);

c. Batista received ineffective assistance of counsel when his counsel failed to challenge these claims previously; and

d. Batista should be resentenced as a minor participant in the conspiracy.

DISCUSSION

Batista is basically challenging his sentence on the grounds that the Court erred in sentencing him under the provisions of 21 U.S.C. § 841(b)(1)(A), rather than under § 841(b)(1)(B) (Ground a), and that his sentence is illegal in light of the Supreme Court's holding in Blakely v. Washington (Ground b). Batista further alleges his counsel was ineffective for failing to raise these issues previously (Ground c), and Batista also seeks to be resentenced as a minor participant in the conspiracy (Ground d).

Batista has waived the right to appeal his sentence, directly or collaterally, regarding his challenge to his sentence. The right to appeal is statutory and can be waived knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005); See also United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993); United States v. Buchanan,

2

131 F.3d 1005, 1008 (11th Cir. 1997). For this Court to enforce an appeal waiver contained in a plea agreement, the United States need only demonstrate either that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. Williams, 396 F.3d at 1342. Moreover, it includes "a waiver of the right to appeal difficult or debatable legal issues-- indeed, it includes a waiver of the right to appeal blatant error." United States v. Rubbo, 396 F.3d 1330, 1331, 1333-35 (11th Cir. 2005) (sentence appeal waiver allowing defendant to appeal sentence above "statutory maximum" did not allow for appeal of sentence on ground that it was imposed in violation of Booker[1] principles); See also United States v. Frye, 402 F.3d 1123 (11th Cir. 2005) (rejecting argument that entry into plea agreement had been uninformed or involuntary and holding that sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles); United States v. Grinard-Henry, 399 F.3d 1294 (11th Cir. 2005) (sentence appeal waiver did not allow for appeal of sentence on ground that sentence was imposed in violation of Booker principles).

Furthermore, the waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. Williams, 396 F.3d at 1342 (appeal and collateral attack waiver provision in

---

[1] United States v. Booker, 543 U.S. 220 (2005).

plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel regarding sentencing issues unless challenge concerns the validity of the plea or waiver). See also Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001); DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000); Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998); But see United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically foreclose[] him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver").

In particular, if the complaint underlying the ineffective assistance claim is waived by a defendant's plea agreement, as in the instant matter, then the ineffective assistance claim is also waived. See Djelevic, 161 F.3d at 107 (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[] meaningless" such plea agreement waivers); accord Davila, 258 F.3d at 451-52; Mason, 211 F.3d at 1068.

At Batista's guilty plea hearing, the Court advised Batista of the appeal waiver. Doc. cr-38, p. 34. The Court told Batista that this waiver meant he could not appeal the way the Court calculated the sentencing guidelines. The Court specifically informed Batista that the waiver meant he could not come back to the Court at some later date and complain about the calculation either. Batista acknowledged to the Court that he understood the waiver.

Doc. cr-38, p. 34. He also informed the Court that he was agreeing to the appeal waiver provision freely and voluntarily. Doc. cr-38, p. 35. The Court held that Batista was alert and intelligent, and that he understood the nature of the charge against him. The Court also found Batista understood the possible penalties and consequences of pleading guilty. Therefore, the Court found that Batista entered his guilty plea freely and voluntarily. Doc. cr-38, p. 38.

For this Court to entertain the sentencing issues in this 2255 motion would be to permit Batista an appeal in contravention of the plain meaning of his plea agreement and to deny the government the benefit for which it bargained. See Buchanan, 131 F.3d at 1008; see also United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions; "he cannot have his cake and eat it too"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and would make sentence appeal waiver meaningless). Batista clearly waived these issues in his plea agreement, and is not entitled to review in this proceeding. See Grinard-Henry, (arguments based on error in application of the sentencing guidelines "clearly were waived by the appeal waiver and merit no further discussion").

As discussed above, the Eleventh Circuit recently held in Williams that an appeal waiver also applies to claims of ineffective assistance of counsel regarding challenges to a defendant's sentence. In this case, Batista's claims of receiving ineffective assistance relate to the calculation of the sentencing guidelines. Therefore, the appeal waiver applies.

Regarding Batista's claim that his sentence in unconstitutional in light of the Supreme Court's ruling in Blakely v. Washington, Batista is not entitled to relief. The right

to appeal on Blakely/Booker grounds can be waived in a plea agreement. Frye, 402 F.3d at 4-5; Grinard-Henry, 399 F.3d at 1296; Rubbo, 396 F.3d at 1333-35. "'Broad waiver language,'" like the language in the appeal waiver in this case, "'covers those grounds of appeal.'" See Grinard-Henry, 399 F.3d at 1296 (quoting Rubbo, 396 F.3d at 1335, and examining a plea agreement containing an appeal waiver identical to the one in this case).

Because Batista's claims are not based on any of the exceptions identified in his plea agreement, Batista's section 2255 motion **MUST BE DENIED.**

Even if the Court were to determine Batista had not waived his right to collaterally challenge his sentence, procedural default bars Batista's claims raised in Grounds a, b, and c. Batista failed to raise these claims on direct appeal in his criminal case. Thus, Batista is not entitled to relief because he has procedurally defaulted his claims. Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). The futility of raising a claim does not constitute sufficient cause to excuse the default. Bousley, 523 U.S. at 623; Jones v. United States, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

"Cause" is cause for the procedural default, a recognized reason for failure to raise the claim previously. Cause requires a showing of some external impediment preventing counsel from constructing or raising the claim. Weeks v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467 (1991)). Ordinary mistakes, even

6

significant mistakes of counsel, are not cause. See Murray v. Carrier, 477 U.S. 478, 487-88 (1986).

"Actual prejudice" is prejudice that impacts constitutional or other fundamental rights. United States v. Frady, 456 U.S. 152, 166 (1982) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. Id.

Batista asserts his "cause" for failing to raise Grounds a and b previously is that his counsel was ineffective. As discussed below, Batista fails to demonstrate that his counsel was ineffective. Batista does not identify a cause for his failure to challenge his role adjustment (Ground c) previously. Furthermore, even if Batista could demonstrate cause, he would fail to show any resulting prejudice from raising any of these grounds previously.

### Ground a

The Court did sentence Batista pursuant to the provisions in 21 U.S.C. § 841(b)(1)(A). Batista pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 150 kilograms of cocaine, in violation of 21 U.S.C. § 846. Under 21 U.S.C. § 846:

> Any person who attempts or conspires to commit any offense defined in this subchapter ***shall be subject to the same penalties as those prescribed for the offense***, the commission of which was the object of the attempt or conspiracy.

21 U.S.C. § 846 (emphasis added). In Batista's case, the underlying object of the conspiracy was to possess with the intent to distribute and to distribute 150 kilograms or more of cocaine, a violation of 21 U.S.C. § 841(a)(1). Penalties for § 841(a)(1) are provided

in § 841(b), which state in Batista's case that he was subject to a mandatory minimum sentence of ten years for this offense. 21 U.S.C. 841(b)(1)(A)(ii)(II).

### Ground b

In Ground b, Batista his sentence was illegal in light of the Supreme Court's holding in Blakely v. Washington. Batista is not entitled to consideration of this claim, however, because even if the Guidelines ultimately are held unconstitutional under Blakely, the Blakely rule is not retroactively applicable on collateral review. Blakely claims are barred by the nonretroactivity standards set forth in Teague v. Lane, 489 U.S. 2988 (1989). Although the question whether Blakely applied to the Sentencing Guidelines has been decided by United States v. Booker, nothing in Booker makes Blakely's Sixth Amendment holding retroactive. Indeed, the Eleventh Circuit has held that the Supreme Court's decision in Booker is not retroactively applicable to cases on collateral review. United States v. Varela, 400 F.3d 864 (11th Cir. 2005).

After Batista filed his section 2255 and memorandum of law, the United States Supreme Court issued its decision in Booker, holding that the mandatory nature of the sentencing guidelines renders them unconstitutional but also holding that district courts must consult those Guidelines and take them into account when sentencing. The Supreme Court held further that Courts of Appeals should review discretionary sentences imposed by the district courts for "unreasonableness." Because the sentence that the Court imposed on Batista in this case was reasonable even though the Court believed that the sentencing guidelines were mandatory, the Court's error in treating the sentencing guidelines as mandatory was harmless, and Batista is not entitled to relief.

This Court sentenced Batista in a proceeding that was consistent with the law in existence at the time. Batista's conviction became final on January 29, 2004, six months before the Supreme Court announced its decision in <u>Blakely</u> on June 24, 2004. Because the <u>Blakely</u> rule is not retroactively applicable to Batista's sentence, this Court need proceed no further to deny Batista's <u>Blakely</u> claim.

### Ground d

Batista's claim that he should be resentenced as a minor participant is without merit. Defense counsel made an objection to the presentence report (PSR) seeking a minor role adjustment. As the United States Probation Officer points out in the addendum,

> It is the position of the Probation Office that [Batista], although less culpable than his nephews, was actively involved in the conspiracy. [Batista] was fully aware of the scope of his nephew's activities and repeatedly purchased and transported cocaine from Miami to Hillsborough County for his nephews over a five year period of time. Furthermore, the defendant established connections with several cocaine distributors in Miami during the conspiracy.

Addendum to PSR, p. 3, ¶ 9.  Batista does nothing more than make one brief assertion in his memorandum of law seeking a role adjustment, and fails to provide any support for his claim whatsoever. Doc. cv-2, p. 14. Therefore, Batista has failed to establish cause or resulting prejudice for failing to raise these issues previously and his claim will be denied.

### Ineffective Assistance of Counsel (Ground c)

Batista claims he received ineffective assistance of counsel when counsel failed to raise the sentencing issues identified above as Grounds a and b.     To prevail on a claim of ineffective assistance of counsel, the petitioner must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). The

benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled."' Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied,  531 U.S. 1204  (2001).  Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable."

10

Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314 (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id. Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315. For Jennings to show deficient performance, he "must establish that no competent counsel would have taken the action that her counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes

11

underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

As set forth above, Batista has failed to meet both Strickland prongs and no hearing is required on this issue. Furthermore, Batista has not established any basis for an evidentiary hearing because his arguments are facially insufficient to merit relief or have been waived.

Accordingly, the Court orders:

That Batista's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-37) is denied. The Clerk is directed to enter judgment against Batista in the civil case and to close that case.

ORDERED at Tampa, Florida, on April 5, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Donald Hansen

Pro se:  Luis Elido Batista